UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

George Webb Sweigert,
       Plaintiff,
-against-       CASE: 2:20-cv-12933-GAD-KGA

Cable News Network
       Defendant.

---

Non-party declarant
D. G. SWEIGERT, C/O
AMERICA'S RV
MAILBOX, PMB 13339
514 Americas Way, Box
Elder, SD 57719
Spoliation-notice@mailbox.org

Plaintiff
GEORGE WEBB SWEIGERT
209 ST. SIMONS COVE,
PEACHTREE, GA 30269-4201
503-919-0748
Georg.webb@gmail.com

Jason Goodman
252 7th Avenue #6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org
Pro Se

Robin Luce Herrmann (P46880)
Jennifer A. Dukarski (P74257)
Javon R. David (P78214)
BUTZEL LONG, a professional corporation
Attorneys for Defendant Cable News Network, Inc.
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304 (248) 258-1616
Luce-Herrmann@butzel.com
Dukarski@butzel.com
Davidj@butzel.com

**AMICUS REQUEST FOR JUDICIAL NOTICE TO SUPPLEMENT ECF NO. 56**

1

## AMICUS REQUEST FOR JUDICIAL NOTICE TO SUPPLEMENT ECF NO. 56

NOW COMES D. GEORGE SWEIGERT, *pro se* non-attorney third-party, (U.S. Air Force veteran with one half semester of law school training) to provide an accurate and truthful supplement to the following:

| 03/16/2022 | 56 | MOTION for leave of court to file Amicus brief by D.G. Sweigert. (DPer) (Entered: 03/16/2022) |

Attached as EXHIBIT ONE is an accurate and truthful reproduction. Respectfully submitted on this March 19, 2022 (3/19/2022)

*[signature]*

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents has been filed electronically with pdf copies to all parties.

| | |
|---|---|
| Jason Goodman | George Webb Sweigert |
| truth@crowdsourcethetruth.org | Georg.webb@gmail.com |
| | |
| | L Robin Luce Herrmann (P46880) |
| | Jennifer A. Dukarski (P74257) |
| | Javon R. David (P78214) |
| | luce-Herrmann@butzel.com |
| | Dukarski@butzel.com |
| | Davidj@butzel.com |

I hereby attest that the foregoing was transmitted March 19, 2022 (3/19/2022) under the penalties of perjury.

*D. Swt*

**D. G. SWEIGERT, C/O**
**AMERICA'S RV MAILBOX, PMB 13339**
**514 Americas Way, Box Elder, SD 57719**

**EXHIBIT ONE**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KATHY STEELE
ADMINISTRATOR of the
ESTATE OF ROBERT DAVID STEELE, *et al.*,[1]
        Plaintiffs,

v.                                                   Civil Action No. 3:21cv573

JASON GOODMAN,
        Defendant.

## ORDER

This matter comes before the Court on its own initiative. On March 17, 2022, the Court learned that the Honorable Valerie Caproni, United States District Judge for the Southern District of New York, entered an Order directing Defendant Jason Goodman to "file a copy of [the] Order in every lawsuit in which he . . . is a party." (*The Nat'l Acad. of Television Arts & Scis. v. Multimedia Sys. Design, Inc.*, Civil Action No. 1:20cv7269, ECF No. 156, at 6.) Judge Caproni's Order applies "whether the lawsuit is in state . . . or federal court and whether [the defendant] . . . is represented or *pro se*." (*Id.*)

The Court has reviewed the Order and now DIRECTS the Clerk's Office to docket a copy of it in this case.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and the defendant.

Date: 18 March 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[1] By Order dated November 16, 2021, the Court granted Earth Intelligence Network's motion to substitute Kathy Steele for her late husband, Robert David Steele. (ECF No. 24.) The Court DIRECTS the Clerk's Office to update the case caption accordingly.

```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:
-------------------------------------------------------------X DATE FILED: 2/22/2022
THE NATIONAL ACADEMY OF TELEVISION           :
ARTS AND SCIENCES, INC. and ACADEMY          :
OF TELEVISION ARTS & SCIENCES,               :
                                             :
                                Plaintiffs,  :   20-CV-7269 (VEC)
                                             :
                -against-                    :   ORDER
                                             :
MULTIMEDIA SYSTEM DESIGN, INC.               :
d/b/a "CROWDSOURCE THE TRUTH",               :
                                             :
                                Defendant.   :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

In late 2020, the National Academy of Television Arts and Sciences and the Academy of Television Arts & Sciences sued Multimedia System Design, Inc., d/b/a Crowdsource the Truth ("MSD") for violating its copyright and trademark on the Emmy statuette and for defamation. *See* Compl., Dkt. 1; *see also* Am. Compl., Dkt. 62. Thus began litigation that has now ended with a default judgment being entered against the Defendant following its failure to hire an attorney to represent it after its initial attorney was relieved. This Order addresses misconduct by the sole shareholder and employee of MSD, Jason Goodman, in connection with this litigation. Mr. Goodman is a conspiracy theorist who has an ongoing feud with D. George Sweigert ("Mr. Sweigert") that plays out, among other places, on the internet and via federal court litigation. *See, e.g.*, *Sweigert v. Goodman*, No. 18-CV-8653 (S.D.N.Y.).

On December 18, 2020, MSD (represented at the time) and the Plaintiffs stipulated to a Protective Order that provided, *inter alia*: "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Protective Order, Dkt. 41 at 2. On August 13, 2021, while a motion for sanctions was pending

against MSD, *see* Dkts. 63, 66, MSD's attorney sought to be relieved because he was purportedly afraid of Mr. Sweigert, *see* Dkts. 100, 101. The motion represented that the sole principal of MSD, Mr. Goodman, did not object to the attorney being relieved. The Court granted the attorney's request to be relieved and adjourned *sine die* MSD's time to respond to the outstanding motion for sanctions. *See* Orders, Dkts. 103, 104.

On August 24, 2021, just days after MSD's attorney had been relieved, Plaintiffs notified the Court via a sealed letter that Mr. Goodman had violated the Protective Order. *See* Pls. Ltr., Dkt. 109; *see also* Dkt. 113. Plaintiffs attached to their letter an email string that included (in chronological order): (1) part of an email dated June 4, 2021, from Mr. Sweigert, using the email address spoliation-notice@mailbox.org, to New York State's Attorney Grievance Committee complaining about MSD's attorney; (2) another email from Mr. Sweigert to the Grievance Committee, dated August 16, 2021, purporting to provide background information on the attorney's "disassociation from his client"; (3) an email from Mr. Sweigert dated August 23, 2021, to the New York Attorney General complaining about MSD and Jason Goodman; (4) an email, dated August 23, 2021 at 11:52 a.m., from Jason Goodman "to all recipients of David George Sweigert's malicious email," complaining about Mr. Sweigert and stating, *inter alia*, that Mr. Sweigert caused a "fraudulent email message to be sent to the National Academy of Television Arts and Sciences" from a specified email address (hereafter referred to as "the confidential email address") and that email message caused a lawsuit to be filed against Goodman[1]; (5) an August 23, 2021, responsive email from Larry Klayman (who is an attorney); and (6) an August 23, 2021, response from Mr. Goodman to Mr. Klayman, which was copied to more than thirty email addresses, including Plaintiffs' counsel and the confidential email address.

---

[1] The reference to the lawsuit being filed against Mr. Goodman is apparently a reference to this lawsuit, which, in fact, was filed against MSD, not Mr. Goodman.

2

*See* Dkt. 109-1; *see also* Dkt. 113 at Ex. A.  In Mr. Goodman's August 23, 2021, response to Mr. Klayman, Mr. Goodman explained that the goal of his 11:52 a.m. email had been to get the word out that Mr. Sweigert is "crazy without saying anything that he can allege is defamatory." Further, Mr. Goodman explained:

> I'm also planting the seed with [Plaintiffs'] lawyers that they're aligned with a crazy guy and if they don't unalign themselves it's gonna give me more evidence to show that they're working together.  I also sent this to [the confidential email address] first time I ever emailed that address.  Let's see if there's any response.  Now that I don't have an attorney whatever I do my attorney can't get sanctioned and I'm not even Pro Se so they could just yell at me and tell me not to do it again.

Dkt. 109-1 at 1; *see also* Dkt. 113 at Ex. A at 1.  After determining that neither Mr. Goodman nor MSD were represented by Mr. Klayman, the Court ordered Mr. Goodman to show cause why he should not be sanctioned for violating the Protective Order.  *See* Order, Dkt. 112.[2]  Mr. Goodman asserted in his written response, "I did not know the email was subject to the protection order. . . . I recall [MSD's former attorney] telling me that Plaintiff did something that put the address into the public domain, but I cannot recall what that was. . . . Any improper revelation was inadvertent and unintentional."  Response, Dkt. 114.  After receiving Mr. Goodman's response and the Plaintiffs' reply, Dkt. 117, plus two more submissions from Mr. Goodman, Dkts. 120, 121, the Court scheduled an evidentiary hearing, Dkt. 122.  The hearing was held on October 25, 2021.  *See* Oct. 25, 2021 Hearing Tr., Dkt. 129.

Although his written response and the email that triggered this Order implicitly admitted that he was aware that a Protective Order was in place, at the hearing, Mr. Goodman testified, incredibly, that he was unsure whether he had known that there was a Protective Order in place until Plaintiffs notified him in August that he had violated it.  *See id.* at 6:4–17.  Although his

---

[2] The Court also ordered Plaintiffs to refile their August 24, 2021, letter publicly with the confidential email address redacted.  *See* Order, Dkt. 112.  Plaintiffs did so on August 26, 2021.  *See* Dkt. 113.

3

written response stated that he could not recall why he thought the confidential email address was public, at the time of the hearing, Mr. Goodman recalled being told by MSD's former attorney in May 2021 that the confidential email was no longer confidential because it had been spoken aloud during a deposition (which itself had been marked confidential in its entirety, *see id.* at 11:13–15) and Plaintiffs' counsel did not move to strike it from the record, *see id.* at 7:11–18, 9:7–15, 10:22–11:9, 18:1–6. At the same time, Mr. Goodman acknowledged that MSD's attorney had told him prior to being relieved that he could not simply email the confidential email address, *see id.* at 9:16–19, 10:22–24, 12:9–11, advice that would make no sense if the attorney had advised Mr. Goodman that it was no longer subject to the Protective Order.[3]

"Sanctions may be authorized by any of a number of rules or statutory provisions, or may be permissible on the basis of the court's inherent powers." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997). As relevant here, "district courts have the inherent power" to sanction a party "for bad faith conduct violating the court's orders." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("[N]either is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules."). A court may impose sanctions under its inherent authority if it finds by "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Conduct is entirely

---

[3] Why the email address is confidential is not entirely clear. According to Plaintiffs' counsel, it is confidential because it communicated to Plaintiffs through a members-only email portal; thus, exposure of the email address could jeopardize the confidentiality of Plaintiffs' membership. *See* Oct. 25, 2021 Hearing Tr. at 32:9–33:1. While that argument may or may not have prevailed in the face of a defense request to the Court to remove it from the constraints of the Protective Order, the fact that Plaintiffs designated the email address as confidential has fueled Mr. Goodman's suspicion that his nemesis, Mr. Sweigert, used that email address to foment this litigation and that Plaintiffs are wrongfully trying to hide their association with him. *See id.* at 9:22–23, 16:1–9, 24:1–7, 41:16-42:10. The provenance of the email address and its role *vel non* in the genesis of this litigation are irrelevant to whether Mr. Goodman violated the Protective Order.

4

without color when it lacks any legal or factual basis." *Id.*; *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) ("A court may infer bad faith when a party undertakes frivolous actions that are 'completely without merit.'") (citation omitted).

Applying this standard, a sanction for Mr. Goodman's violation of the Protective Order is appropriate. The Protective Order was clear and unambiguous that "no person subject to this Order may disclose . . . Confidential Discovery Material to anyone else except as this Order expressly permits." *See* Dkt. 41 at 2. It is obvious from the face of Mr. Goodman's August 23, 2021 email that Mr. Goodman was well aware that the confidential email address was confidential. If he were not aware of that fact (that is, if his testimony at the hearing were truthful that he thought the email address was no longer confidential), his statement in the August 23, 2021 email — which he accidentally copied to a group of many people (including Plaintiffs' counsel)[4] — that his attorney "can't get sanctioned" for using and disclosing the confidential email address would make no sense. Accordingly, it is simply not plausible that Mr. Goodman misunderstood the situation. *See Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011); *see also Roberts v. Bennaceur*, 658 F. App'x 611, 615 (2d Cir. 2016) (summary order) (imposing sanctions based on numerous "misrepresentations" and "inadequate explanations" that demonstrated "bad faith throughout these proceedings") (citation omitted). Rather, Mr. Goodman's violation of the Protective Order was done willfully, with no legitimate purpose, to satisfy Mr. Goodman's desire to prove that Mr. Sweigert was behind the confidential

---

[4] The Court can take judicial notice that the practice of hitting "reply all" on emails not infrequently results in emails being inadvertently sent to many recipients. The evidence that Mr. Goodman sent the email in question to the copyees inadvertently is that he promptly called Plaintiffs' counsel, asked her to delete the email, and characterized the email as having been sent inadvertently. *See* Dkt. 113 at Ex. B; *see also* Oct. 25, 2021 Hearing Tr. at 43:7–9 ("At the time I composed [the August 23, 2021, email] I understood it was a statement being made to private, to a friend[.] [T]hat [*i.e.*, sending it to many recipients] was inadvertent.").

5

email address.[5] For all of these reasons, the Court concludes that Mr. Goodman willfully violated the terms of the Protective Order and disregarded the authority of the Court.

The Court has considered what an appropriate sanction would be. *See Macolor v. Libiran*, No. 14-CV-4555, 2015 WL 1267337, at *5 (S.D.N.Y. Mar. 18, 2015) (sanctions must be "no more severe than reasonably necessary to deter repetition" of the misconduct "or comparable conduct by similarly situated persons") (cleaned up). By Order entered today, the underlying lawsuit has been terminated with a default judgment against MSD. Nevertheless, given Mr. Goodman's propensity to become involved in litigation on both sides of the versus sign, the Court finds that an appropriate sanction is to require Mr. Goodman, for the next two years, to notify all other Courts in which he litigates and all other parties against whom or with whom he litigates that a Court has determined that he willfully violated a Protective Order during litigation. *See, e.g.*, *Gallop v. Cheney*, 667 F.3d 226, 230 (2d Cir. 2012) (requiring sanctioned counsel "for a period of one year from the date of entry of this order, to provide notice of the sanctions imposed upon him in this case . . . to any federal court in this Circuit before which he appears or seeks to appear"). To accomplish this, Mr. Goodman must, until **February 22, 2024**, file a copy of this Order in every lawsuit in which he or any company in which he is a majority shareholder is a party. This Order applies whether the lawsuit is in state court or federal court and whether Mr. Goodman or his company is represented or *pro se*. Should he fail to do so, that would be a contempt of this Court's Order and would be punished accordingly.

Mr. Goodman must file a certification, under penalty of perjury, with this Court, not later than **March 22, 2022**, listing all cases in which he is engaged as of that date, and affirming that this Order has been filed in each case. Thereafter, on the one-year anniversary of this Order,

---

[5] Whether it was Mr. Sweigert who notified Plaintiffs of the misuse of the Emmy statuette is, of course, not relevant to whether MSD's actions violated Plaintiffs' intellectual property rights.

6

until and including 2024, Mr. Goodman must file a similar certification, under penalty of perjury, listing all cases in which he has been engaged since the prior certification, and affirming that the Order was filed in all of the cases.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman at: 252 7th Avenue #6s, New York, NY 10001.

**SO ORDERED.**

Date: **February 22, 2022**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

7